IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DEMARCUS A. GRESHAM, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | NO. 7:16-CV-13-HL-TQL |
| Warden SHEILA OUBRE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

In accordance with the Court's previous Order, *pro se* Plaintiff Demarcus Gresham has submitted a Recast Complaint against Defendants Marty Allen, the Department of Corrections, and the "Federal Bureau/Congress." (Recast Compl. 1, ECF No. 9.) Plaintiff has also moved for appointment of counsel (ECF No. 8). Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his Recast Complaint. *See* 28 U.S.C. § 1915A(a). Having done so, the Court finds Plaintiff has failed to state a claim upon which relief may be granted as to each of his claims against the named Defendants. Accordingly, Plaintiff's claims must be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A. The Court also **DENIES** Plaintiff's motion to appoint counsel.

I.   **Motion to Appoint Counsel**

Plaintiff has moved for the appointment of counsel (ECF No. 8). Under 28 U.S.C.

§ 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

In this case, Plaintiff has filed his Complaint on the Court's standard § 1983 form. The Court is required to review Plaintiff's Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel. The facts as stated in Plaintiff's current Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. Plaintiff's motion to appoint counsel (ECF No. 8) is accordingly **DENIED**.

## II. Preliminary Screening

### A. Standard of Review

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally

construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

3

under color of state law.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B. Factual Allegations

Plaintiff's factual allegations in this case are unclear.  His claims primarily appear to arise from a series of assaults perpetrated upon him by other inmates in various prisons, dating back to 2012.  (Recast Compl. 5, ECF No. 9.)  Other claims, however, appear completely unrelated to these assaults and are largely nonsensical.  For example, Plaintiff contends there is a camera in his cell that is streaming footage to Facebook without his permission.  (Attach. 1 to Recast Compl. 3, ECF No. 9-1.)  He also contends that an unspecified prison or government official inserted a computer chip "in liquid form" into his body that has since "hardened back up in solid form[]."  (Attach. 3 to Recast Compl. 5, ECF No. 9-3.)  Plaintiff also expresses some concern that he is being turned into a robot. (*See, e.g.,* Attach. 2 to Recast Compl. 4, ECF No. 9-2.)

### C. Plaintiff's Claims

#### 1. Claims Related to Assaults

Construing Plaintiff's allegations liberally, as the Court must at this stage, Plaintiff may be attempting to allege that various Defendants failed to protect him from assault by another inmate.  (*See* Attach. 3 to Recast Compl. at 6.)  Such claims are cognizable under the Eighth Amendment to the United States Constitution.  *See, e.g., Farmer v. Brennan*,

511 U.S. 825, 837 (1994). A prisoner asserting an Eighth Amendment failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that the prison officials knowingly or recklessly disregarded that risk. *Id.* at 1332. Negligent failure to protect an inmate from attack will not support a § 1983 claim. *See id.*

Plaintiff provides scant factual detail about any of the alleged assaults he experienced, and his claims regarding the assaults appear unrelated: they occurred at different times, involved different inmates, and in some cases occurred in different prisons. Plaintiff alleges he was assaulted by two different inmates at Baldwin State Prison in July of 2013 and sometime in 2012. (Attach. 1 to Recast Compl. at 4.) Plaintiff further contends he was denied proper medical care after the 2012 assault and that other prison guards left him "inside a burning cell" for some period of time. *Id.* Plaintiff provides no other factual detail that would allow the Court to conclude that any named Defendant subjectively knew of the substantial risk of serious harm posed to Plaintiff by other inmates and that any named Defendant knowingly or recklessly disregarded that risk. Plaintiff also fails to name any Defendant who could be linked with any alleged denial of appropriate medical care, and he does not name the prison guards who left him in the burning cell as Defendants in this case or provide any factual detail regarding the circumstances of that event or how he was harmed by such action. Therefore, Plaintiff's

claims regarding these allegations must be **DISMISSED without prejudice.** *See, e.g., Murphy v. Turpin*, 159 F. App'x 945, 948 (11th Cir. 2005) (per curiam) (affirming dismissal of failure-to-protect claim where plaintiff did not provide notice to prison officials that he was in danger from the specific inmate who attacked him); *see also Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).[1]

With regards to the January 23, 2013 attack at Baldwin State Prison, Plaintiff alleges that prison warden Defendant Oubre and "CERT member Taylor" were standing "5 to 10 yards away" with "a clear view" when the attack occurred. (Attach. 1 to Recast Compl. at 3.) Construed liberally, Plaintiff may be attempting to contend that Defendant Oubre and/or Taylor should have intervened in the assault and prevented Plaintiff's injury. Such claims may be cognizable under § 1983. *See, e.g., Murphy*, 159 F. App'x at 948. Plaintiff does not allege, however, that either Defendant Oubre or Taylor actually saw the attack or were in any position to prevent the attack or stop it once it began, and "[t]he plaintiff has the burden to demonstrate that the defendant was in a position to intervene but failed to do so." *Ledlow v. Givens*, 500 F. App'x 910, 914 (11th Cir. 2012) (per curiam); *see also Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008). Because Plaintiff has

---

[1] Plaintiff may also seek to name a "Melissa Regestar" as a Defendant in this case. (*See* Attach. 3 to Recast Compl. at 3.) Plaintiff fails to link Ms. Regestar to any constitutional violation alleged in this case. As such, any claims against her must be **DISMISSED without prejudice.** *Douglas,* 535 F.3d at 1321-22.

failed to allege facts sufficient to meet this burden, Plaintiff's claims related to this assault must likewise be **DISMISSED without prejudice.**

        *2. Claims against Department of Corrections and Commissioner Bryson*

Plaintiff names the Georgia Department of Corrections and potentially its Commissioner, Homer Bryson, as Defendants in this lawsuit, but the basis for his claims against these Defendants is not entirely clear. Plaintiff appears to contend that the Department has failed to properly address gang violence within its prisons. (*See* Attach. 1 to Recast Compl. at 2.) The Georgia Department of Corrections is a state entity entitled to Eleventh Amendment immunity. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action against the Georgia Department of Corrections[.]"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (states and governmental entities that are considered "arms of the state" are not considered "persons" capable of being sued under § 1983). Accordingly, Plaintiff's § 1983 claims against the Georgia Department of Corrections must be **DISMISSED without prejudice.**

To the extent Plaintiff seeks to hold Commissioner Bryson liable for the actions of his subordinates, there is no such liability under § 1983. Instead, supervisors can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if the plaintiff shows

7

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* Plaintiff has not made any such allegations in this case, and "[t]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted). Any claims against Commissioner Bryson must therefore be **DISMISSED without prejudice.**

### 3. Claims against "Federal Bureau/Congress"

Plaintiff also appears to wish to raise claims against an unspecified agency entitled "Federal Bureau/Congress," though it is unclear what this purported Defendant did to violate his constitutional rights. Plaintiff's claims are subject to dismissal on that basis alone. *Douglas*, 535 F.3d at 1321-22. Additionally, however, a claim under 42 U.S.C. § 1983 "requires the plaintiff to show that he was deprived of a federal right by a person acting under color of *state* law." *Leonard v. FBI*, 405 F. App'x 386, 387 (11th Cir. 2010) (per curiam) (internal quotation marks omitted) (emphasis added). Section 1983 therefore only applies to *state* officials. *Id.* Plaintiff's § 1983 claims against "Federal Bureau/Congress" thus fail to state a claim upon which relief may be granted.

To the extent Plaintiff's *pro se* claims could be liberally construed as seeking to raise a claim that federal actors violated his constitutional rights in accordance with *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), such

allegations also fail to state a claim upon which relief may be granted. *Bivens* actions are limited to suits against federal officers in their individual capacities—not federal agencies or officers in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Accordingly, Plaintiff's claims against "Federal Bureau/Congress" must be **DISMISSED without prejudice.**

### 4. Additional Miscellaneous Claims

To the extent Plaintiff has raised claims regarding any Defendant implanting him with a computer chip or turning him "into a robot," Plaintiff's claims must be dismissed. Not only does Plaintiff fail to specify which Defendants are responsible for this action, but Plaintiff's allegations are "irrational" and "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Under these circumstances, "a finding of factual frivolousness is appropriate." *Id.* Plaintiff's claims against unnamed Defendants regarding Facebook similarly fails to state a claim upon which relief may be granted. Plaintiff has not identified any Defendant responsible for installing a camera in his cell and streaming its footage on the internet, nor has he explained which constitutional rights he believes are implicated thereby. Accordingly, Plaintiff's additional miscellaneous claims shall be **DISMISSED without prejudice.** *See Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013) (dismissing plaintiff's claims that government officials implanted microchips into her body, causing tumors and tissue damage); *Douglas,* 535 F.3d at 1321-22.

### III.   Conclusion

Based on the foregoing, the Court concludes Plaintiff has failed to state a claim

upon which relief may be granted as to each of the named Defendants.  Thus, Plaintiff's claims are each subject to dismissal pursuant to 28 U.S.C. § 1915A.  Plaintiff's motion to appoint counsel (ECF No. 8) is **DENIED.**

**SO ORDERED** this 17th day of May, 2016.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE